



**FILED**
8/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**ROBERT JOHN SAM, JR.,**
Plaintiff,
v.
**JUDGE BRADLEY J. WALLER, in his individual and
official capacities,
DEKALB COUNTY, ILLINOIS,
NICHOLAS CRONAUER,**
Defendants.

Case No. 25-cv-09387
Judge:  John J. Tharp, Jr

**PLAINTIFF'S OBJECTION TO
REASSIGNMENT TO WESTERN DIVISION AND
MOTION TO RETAIN VENUE IN THE
EASTERN DIVISION**

Plaintiff **ROBERT JOHN SAM, JR.**, proceeding pro se,
respectfully objects to any transfer or reassignment of this
action to the Western Division (Rockford) and moves this
Honorable Court to retain the case in the Eastern Division
(Chicago), where it was properly filed.

# I. LEGAL BASIS

Under **Local Rule 40.1 of the Northern District of Illinois**, reassignment of a case to a different division is discretionary and must serve the interests of justice and the convenience of the parties and witnesses.

# II. GROUNDS FOR OBJECTION

## A. Judicial Impartiality Is Compromised in the Western Division

1. There are only **two Article III judges** assigned to the Western Division of the Northern District (Rockford):

   - **Hon. Iain D. Johnston**

   - **Hon. Philip G. Reinhard**

2. Defendant **Judge Bradley J. Waller**, who is a sitting judge in the 23rd Judicial Circuit (DeKalb County), is professionally known to both federal judges in Rockford due to his long tenure and regional judicial interactions.

3. The complaint alleges serious misconduct by Judge Waller, including:

   - **145 ex parte communications** with Plaintiff

- An offer to "help with money" in exchange for a settlement

- Coordination with Defendant Cronauer to manipulate state court outcomes

4. These allegations are the subject of an **active Judicial Inquiry Board investigation**, and the case has major implications for judicial accountability in the region.

5. The public and Plaintiff have a right to **a fair and neutral tribunal**, free from even the appearance of bias.

6. Under **28 U.S.C. § 455(a)**, any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Given the close-knit judicial community in Rockford, reassignment there would undermine confidence in the fairness of the proceeding.

## B. Plaintiff's Venue Choice Deserves Deference

7. Plaintiff properly filed this case in the **Eastern Division**, which is within the same judicial district and is **a proper venue under 28 U.S.C. § 1391**.

8. Courts typically give **substantial deference** to a pro se plaintiff's venue choice, especially where:

- The case involves **systemic misconduct by local officials**

- There are concerns about **institutional bias** in a smaller division

- No extraordinary inconvenience to defendants has been shown

## C. Reassignment Would Not Serve Judicial Economy or Fairness

9. The Eastern Division has a **larger pool of judges**, minimizing the risk of bias or conflicts of interest.

10. The public interest in judicial accountability weighs in favor of **centralized oversight** in Chicago rather than local adjudication in a courthouse where Defendant Waller has influence.

## III. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. **Reject any reassignment or transfer** of this case to the Western Division (Rockford);

2. **Confirm venue in the Eastern Division (Chicago)** for all proceedings going forward; and

**3. Grant such other relief** as the Court deems just and proper.

**Respectfully submitted,**

Dated: 8/7/25

**Robert John Sam, Jr.**
Pro Se Plaintiff
harpees5@yahoo.com
779-777-3265