



FILED
8/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JKS

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**ROBERT JOHN SAM, JR.,**
Plaintiff,
v.
**JUDGE BRADLEY J. WALLER, in his individual and official capacities,**
**DEKALB COUNTY, ILLINOIS,**
**NICHOLAS CRONAUER,**
Defendants.

Case No.25-cv-09387

Judge: John J. Tharp, Jr

# PLAINTIFF'S MOTION TO THE CHIEF JUDGE FOR INTER-DIVISION RETENTION IN THE EASTERN DIVISION IN THE INTERESTS OF JUSTICE AND TO ENSURE JUDICIAL IMPARTIALITY

Plaintiff **ROBERT JOHN SAM, JR.**, proceeding pro se, respectfully moves this Honorable Court, and specifically the Chief Judge of the Northern District of Illinois, to retain this matter in the Eastern Division (Chicago) rather

than reassigning it to the Western Division (Rockford). This request is made pursuant to **Local Rule 40.1** and **28 U.S.C. § 455(a)**, in order to preserve impartiality and public confidence in the judiciary.

# I. BACKGROUND

1. Plaintiff has filed a federal civil rights complaint under 42 U.S.C. §§ 1983 and 1985 against, among others, **Judge Bradley J. Waller**, a sitting judge of the 23rd Judicial Circuit in DeKalb County, Illinois.

2. The allegations against Judge Waller include:

   - **145 ex parte communications** with Plaintiff;

   - An offer to "help [Plaintiff] with money" in exchange for releasing Plaintiff's landlord from legal claims;

   - Removal of Plaintiff's cases from other judges for personal control;

   - Coordination with Defendant **Nicholas Cronauer** to enable abusive litigation and procedural manipulation.

3. Judge Waller is the subject of an **active Judicial Inquiry Board investigation**, further underscoring the seriousness of the allegations.

# II. REASONS FOR RETAINING CASE IN EASTERN DIVISION

## A. Appearance of Partiality in the Western Division

4. The Western Division (Rockford) has only two sitting Article III judges:

   - **Hon. Iain D. Johnston**

   - **Hon. Philip G. Reinhard**

5. Both judges have professional familiarity and collegial ties with Judge Waller through the state and federal judiciary in the region. Given the prominence of the allegations, the public could reasonably question the impartiality of any Western Division judge hearing this matter. I am worried as is with my current case in Rockford with judge Johnston. I so badly just want to be heard fairly.

6. **28 U.S.C. § 455(a)** requires recusal where a judge's impartiality "might reasonably be questioned." The mere appearance of bias is sufficient to undermine confidence in the process.

## B. Larger Judicial Pool and Neutral Venue in Eastern Division

7. The Eastern Division (Chicago) offers a broader pool of judges unconnected to Judge Waller, minimizing both actual and perceived bias.

8. Retaining the case in Chicago ensures the proceedings are free from any local influence and preserves the integrity of the process.

## C. Plaintiff's Venue Choice Deserves Deference

9. Plaintiff properly filed in the Eastern Division, a venue within the Northern District and authorized under **28 U.S.C. § 1391**.

10. Courts generally defer to a plaintiff's choice of forum unless the balance strongly favors transfer — which is not the case here, particularly given the impartiality concerns.

# III. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Chief Judge of the Northern District of Illinois:

1. **Order that this case remain assigned to the Eastern Division (Chicago)** and not be transferred to the Western Division (Rockford); and

2. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

Dated: 8/7/25

**Robert John Sam, Jr.**
Pro Se Plaintiff

639 stonegate dr
Sycamore Illinois 60178
harpees5@yahoo.com
779-777-3265